Battle, J.
 

 Our statute (Rev. Code, c. 1, s. 1,) provides that no suit shall abate by reason of the death of either party: “provided, however, that application be made to the court, wherein the process is pending, within two regular terms of the court after such death.”
 

 The case before us states that “ two terms of the court had been held ” after the death of the defendant; and therefore his Honor held that the suit abated.
 

 The ordinance of the Convention, entitled “An ordinance to change the jurisdiction of the courts,” sec. 20, (passed 23d June, 1866,) provides “ that all acts and parts of acts suspending the statutes of limitation in the Revised Code are hereby repealed, except as herein provided:
 
 Provided,
 
 that the time elapsed since 1st Sept., 1861, barring actions or suits, or presuming the abandonment or satisfaction of rights, shall not be counted.”
 

 This ordinance prevents the suit from abating. It confers no new rights,, but it preserves existing ones. See the case of
 
 Neely
 
 v.
 
 Craige and Hall, ante,
 
 p. 187, in which this ordinance and the acts of Feb., 1863, and of 1866, are construed..
 

 Per Curiam. There is error.